UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATINA M. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV4 TIA |
| | ) | |
| AD ASTRA RECOVERY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Ad Astra Recovery Services, Inc.'s ("Ad Astra") Motion to Compel Arbitration and Stay Action Pending Completion of Arbitration (ECF No. 12). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

On November 11, 2011, Plaintiff, Katina Perry, applied for and obtained a deferred presentment loan from SpeedyCash in the amount of $200.00. (Steele Supplemental Aff. ¶ 5; Ex. A, ECF No. 17-1) Under the terms of the Payday Loan Agreement, Plaintiff agreed to repay the loan in one $250.00 payment, consisting of the loan amount and finance charge, on December 8, 2011. (Id.) SpeedyCash placed Plaintiff's account with Ad Astra for collection on February 17, 2012. (Steele Supplemental Aff. ¶ 7, ECF No. 17-1) The loan agreement contained an arbitration provision permitting SpeedyCash to elect to require arbitration of any claim Plaintiff may have against Ad Astra arising from the collection of amounts Plaintiff owed on the account. (Id. at ¶ 8; Ex. A pp. 3-4, ECF No. 17-1) Plaintiff applied for the loan online through www.speedycash.com. (Steele Supplemental Aff. ¶ 10, ECF No. 17-1) The application process

required Plaintiff to click through a number of screens to obtain the loan online, including checking a box to affirmatively confirm that she read, understood, and agreed to the terms and conditions of the Agreements for Resolving Disputes which contained the binding arbitration agreement. (Id. at ¶ 12; Ex. J, ECF No. 17-1)

On November 13, 2013, Plaintiff filed a Petition in state court under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Defendant removed the case to federal court on January 2, 2014. On February 18, 2014, Defendant filed a motion to compel arbitration and stay the action pending the completion of arbitration. Defendant also invoked its right to compel arbitration pursuant to the agreement. In response, Plaintiff argued that she never signed a binding arbitration agreement. The Court held a hearing on the motion on June 4, 2014. Upon thorough consideration of the arguments contained in the briefs and set forth during the hearing, the undersigned will grant Defendant's motion to compel arbitration.

## Discussion

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-4:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Congress enacted the FAA to "'establish[ ] and regulat[e] the duty to honor' such arbitration agreements." Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc., 516 F.3d 695, 699 (8th cir. 2008) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1,

2

26 n. 32 (1983)). When considering a motion to stay pending arbitration, the court "'must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement.'" Id. (quoting Houlihan v. Offerman & Co., Inc., 31 F.3d 692, 696 (8th Cir. 1994)).

Review of the Payday Loan Agreement & Disclosure Statement demonstrates that the parties agreed to participate in binding arbitration in the event of a dispute relating to the agreement. The agreement provides:

> **AGREEMENTS FOR RESOLVING DISPUTES: CERTAIN DEFINITIONS**
>
> The Pre-Dispute Resolution Procedure, Arbitration Provision and Jury Trial Waiver set forth below govern "Claims" you assert against us or any "related party" of ours and "Claims" we or any related party assert against you.
>
> For purposes of this Agreement, our "related parties" include all parent companies, subsidiaries and affiliates of ours (including Ad Astra Recovery Services, Inc.), and our and their employees, directors, officers, shareholders, governors, managers and members.
>
> The term "Claim" means any claim, dispute or controversy between you and us (or our related parties) that arises from or relates in any way to this Agreement . . . ; [or] our collection of any amounts you owe . . . . "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature . . . . It includes disputes that seek relief of any type, including damages and/or injunctive, declaratory or other equitable relief.

(Steele Supplemental Aff. Ex. A p. 3, ECF No. 17-1) In addition the Arbitration Provision contained in the agreement states, "[u]nless prohibited by applicable law and unless you reject the Arbitration Provision in accordance with Section 1 below, you and we agree that either party may elect to require arbitration of any Claim under the following terms and conditions . . . ."

Here, Plaintiff asserts that she did not sign the agreement obligating her to participate in binding arbitration. Defendant, on the other hand, contends that Plaintiff applied for the loan

3

online and affirmatively accepted the terms of the binding arbitration provision. Plaintiff acknowledges that she received and used the funds acquired through the SpeedyCash loan. However, she avers that she neither saw nor electronically signed the binding arbitration agreement. (Perry Aff. ¶¶ 6-8, 10)

Plaintiff relies on Hinten v. Midland Funding, LLC, No. 2:13CV54 DDN, 2013 WL 5739035, at *5 (E.D. Mo. Oct. 22, 2013) for the proposition that mere acceptance and use of the loan does not constitute acceptance of an arbitration provision absent other evidentiary support of an agreement to arbitrate. However, the facts of Hinten are inapposite. There, plaintiffs applied for, received, and used credit cards. The defendant was unable to authenticate credit agreements which included arbitration provisions. Specifically, the credit agreements did not contain the plaintiffs' signatures. However, the defendant argued that because the plaintiffs used the credit cards, they were bound by the terms of the agreement. The court disagreed and found that while the alleged use implied consent to some agreement, the use did not indicate consent to arbitration. Thus, the court denied defendant's motion to compel arbitration. Id. at *4-5.

In the instant case, Defendant has submitted the agreement containing Plaintiff's electronic signature. Indeed, Plaintiff would not have obtained the loan absent submitting authenticating information regarding her identity and creditworthiness, clicking through a number of screens, and concluding with Plaintiff's review and entry of her initials agreeing to the terms of the document. (Steele Supplemental Aff. ¶ 12; Exs. P and Q, ECF No. 17-1) Under Missouri statute:

> 1. An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable.

2. The effect of an electronic record or electronic signature attributed to a person under subsection 1 of this section is determined from the context and surrounding circumstances at the time of its creation, execution, or adoption, including the parties' agreement, if any, and otherwise as provided by law.

Mo. Rev. Stat. § 432.240.

Plaintiff acknowledges that she acquired the loan from SpeedyCash, and she received and used the funds.[1] While Plaintiff adamantly denies electronically signing the agreement, the security measures employed during the loan application process and the surrounding circumstances indicate otherwise. SpeedyCash's online loan application system verifies the identity of the applicant several times through personal information, employment information, and bank account information. (Steele Supplemental Aff. ¶ 12; Exs. D-I, ECF No. 17-1) During the process, SpeedyCash would access a number of databases and Credit Report Agencies to determine eligibility and identity. (Id. at ¶ 13) Further, as in Plaintiff's case, SpeedyCash requested additional information to confirm her identity and creditworthiness. (Id. at ¶ 14; Ex. R) Finally, in order to finalize and submit the application, Plaintiff was required to check boxes agreeing to the terms and conditions set forth in the "Consent to Electronic Disclosure and Communication Agreement"; "Agreements for Resolving Disputes which includes a binding arbitration agreement"; and "Consumer Credit Reporting Agreement". (Steele Supplemental Aff. Ex. K) The screen page included the links to read, understand, and agree to the terms and conditions, and the onus was on the Plaintiff to read and understand those terms before checking the box indicating that she agreed to the arbitration agreement. (Id.)

---

[1] Initially some confusion existed regarding the date of the loan. The agreement submitted by the Defendant indicates a loan acquisition date of November 11, 2011 and a repayment date of December 11, 2011. (Steele Supplemental Aff. Ex. A, ECF No. 17-1)

The undersigned finds that the security measures employed by SpeedyCash, as well as the circumstances at the time of the execution demonstrate that Plaintiff electronically signed the agreement, including the binding arbitration provision. Indeed, another court in this district has determined that the arbitration provision in a nearly identical Payday Loan Agreement was an enforceable agreement to arbitrate the plaintiff's FDCPA claims. Manta v. Ad Astra Recovery Servs., Inc., No. 4:13-CV-638 CAS, 2013 WL 3480311, at *5 (E.D. Mo. July 10, 2013). Thus, this Court will grant Defendant's motion to compel arbitration and stay the proceedings pending completion of arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ad Astra Recovery Services, Inc.'s Motion to Compel Arbitration and Stay Action Pending Completion of Arbitration (ECF No. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the completion of arbitration.

**IT IS FINALLY ORDERED** that the parties shall file a joint status report within ten days of a written decision regarding the outcome of the arbitration proceedings.



/s/ Terry I. Adelman

UNITED STATES MAGISTRATE JUDGE

Dated this   18th   day of  June , 2014.